IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT 24 2001

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| MCKINNEY BB, L.P., | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| U.S. REALTY ADVISORS, L.L.C. and | § |
| R.H. Services Company, Inc. | § |
| | § |
| Defendants. | § |

Civil Action No. 3:00-CV-1762-M



## JUDGMENT

This Judgment is entered pursuant to the Court's ruling in its August 9, 2001 telephone conference with the parties, in which the Court GRANTED Plaintiff's Motion for Summary Judgment, finding that the Advisor Contract entered into between the parties was unenforceable based on the invalidity of the oral extension and that Defendants' unjust enrichment counterclaim was barred under the applicable Statute of Frauds, and DENIED Defendants' Motion for Summary Judgment on its unjust enrichment counterclaim.

Therefore, it is ORDERED, ADJUDGED and DECREED that (1) Plaintiff's Motion for Summary Judgment on the issue of the validity of the Advisor Contract should be GRANTED, as Defendants conceded in their Supplemental Brief on the Counterclaim for Unjust Enrichment, filed on July 11, 2001, that the Advisor Contract was unenforceable, and (2) Defendants' Motion for Summary Judgment on Defendants' unjust enrichment counterclaim should be DENIED and Plaintiff's Motion for Summary Judgment on the issue of unjust enrichment should be GRANTED, as the Court finds that the Texas Statute of Frauds applies and bars Defendants' unjust enrichment counterclaim. Even if the Court were to apply New York's Statute of Frauds,

however, the result would be the same under *American Property Consultants, Ltd. v. Walden Lisle Associates L.P.*, No. 95 Civ. 329, 1997 WL 394617, *8 (S.D.N.Y. 1997), because the proffered evidence shows that U.S. Realty, although unlicensed, provided brokerage services in the subject transaction, which was prohibited under New York law. *See id.* (finding that "courts in New York State and this circuit have held that § 442-d forbids the collection of a commission if an unlicensed co-broker participated in the real estate transaction."). Furthermore, the Court finds that 22 TEX. ADMIN. CODE § 535.1 applies to bar Defendants' counterclaim because U.S. Realty did not hold a Texas Real Estate License and the buyer was a Texas resident. *See* 22 TEX. ADMIN. CODE § 535.1 (West 2001) (requiring that entities possess a real estate license even if "conducting brokerage business from another state . . . if all the prospective buyers, sellers, landlords, or tenants are legal residents of this state, and the real property concerned is located wholly or in part within this state."). All costs are taxed against the Defendants. Any further relief sought by any party is hereby DENIED.

SO ORDERED.

DATED: October 24, 2001.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS